289 F.2d 454
 110 U.S.App.D.C. 77
 NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a
corporation et al., Appellants,
v.
Theodore BRITTON, Deputy Commissioner, District of Columbia
Compensation District, Bureau of Employees
Compensation, U.S. Department of Labor
et al., Appellees.
 No. 16061.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 15, 1961.
Decided March 23, 1961, Petition for Rehearing Denied April 13, 1961.
 
 Mr. John Flather Ellis, Washington, D.C., for appellants.
 Mr. Herbert P. Miller, Asst. Sol., Department of Labor, with whom Messrs. Oliver Gasch, U.S. Atty., and Carl W. Belcher, Asst. U.S. Atty., were on the brief, for appellee Britton.
 Mr. Saul M. Schwartzbach, Washington, D.C., for appellees Morton.
 Before EDGERTON, DANAHER and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant asked the District Court to review and set aside a compensation order awarding death benefits to the widow and minor children of an employee who sustained a fatal injury. The Commissioner had found, inter alia, that after an argument arising in the course of decedent's employment in the employer's place of business between the employer's customer and the employee, a 'gunshot wound suffered by the employee was willfully inflicted upon him by the employer's customer because of his employment.'[1] The District Judge in granting summary judgment for theCommissioner has dealt adequately with this aspect of the case. National Union Fire Ins. Co. v. Britton, D.C.D.C.1960, 187 F.Supp. 359. It has further been argued before us that the Commissioner could not properly have found that a valid marital relationship had been established between the deceased employee and the claimant widow, and therefore the District Court had erred in sustaining the awards.
 
 
 2
 We are satisfied that the findings do not lack support by substantial evidence on the record considered as a whole.
 
 
 3
 Affirmed.
 
 
 
 [1]
 Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 902 provides that the term 'injury' as used in the Act 'includes an injury caused by the willful act of a third person directed against an employee because of his employment.'